**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN CULBREATH, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | No. 19 C 5412 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| THE TOWN OF CICERO, | ) | |
| OFFICER HALEEM, | ) | |
| | ) | |
| *Defendants*. | ) | |

**ORDER**

Officer Haleem of the Cicero Police Department arrested Plaintiff Steven Culbreath on June 2, 2017 and charged him with two counts of unlawful use of a weapon. (Dkt. 2 ¶ 11.) Culbreath spent several months in Cook County Jail before a Cook County judge found that Haleem lacked probable cause for the arrest and ordered Culbreath released in February of 2018. (*Id.* ¶¶ 12–13, 16–17.) Culbreath filed the present action on August 11, 2019, alleging a § 1983 claim for unreasonable seizure and a malicious prosecution claim under Illinois law against Haleem, as well as a statutory indemnification claim under Illinois law against the Town of Cicero. Defendants now move to dismiss Counts I and II on the grounds that they are time-barred by the relevant statutes of limitations. They also move to dismiss Count III, the indemnification claim, on the grounds that if the Court dismisses Counts I and II, there will be no underlying claim left for the Town to indemnify. For the reasons set forth below, the Motion to Dismiss (Dkt. 21) is granted as to Count II and denied as to Counts I and III.

To overcome a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court accepts the complaint's factual allegations as true and draws all permissible inferences in the plaintiff's favor. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). A defendant is permitted to raise a statute of limitations defense at the motion to dismiss stage "if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). If, however, there is "any set of facts that if proven would establish a defense to the statute of limitations," then the motion to dismiss should be denied. *Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003).

Count I of Culbreath's complaint is a § 1983 claim for "unreasonable search and seizure." The Complaint alleges no facts, however, that Haleem conducted a search of Culbreath's vehicle or person. The Complaint suggests that Haleem claims to have seen a weapon on the floor of the car by looking through the window of the car (Dkt. 2 ¶¶ 11, 15), which is not a search. *See United*

1

*States v. Thornton*, 463 F.3d 693, 698–99 (7th Cir. 2006) ("An officer needs no reason to look through the windows of a parked car in a public place."). The thrust of this count is that Culbreath's arrest and subsequent detention violated his Fourth Amendment rights. The Court must therefore determine what the relevant limitations period is for such a claim and when that claim accrues.

The limitations period for § 1983 actions is governed by the statute of limitations for personal-injury torts of the state in which the injury occurred. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The limitations period for § 1983 claims in Illinois is two years. *Id.; Dickens v. Illinois*, 753 F.App'x. 390, 392 (7th Cir. 2018). However, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace*, 549 U.S. at 388 (emphasis in original). "A claim under § 1983 for the violation of federal law accrues 'when a plaintiff knows the fact and the cause of an injury.'" *Flynn v. Donnelly*, 793 F.App'x 431, 434 (7th Cir. 2019) (quoting *Amin Ijbara Equity Corp. v. Village of Oak Lawn*, 860 F.3d 489, 493 (7th Cir. 2017)). Specifically, a standalone claim of unlawful seizure accrues at the time of the seizure. *Id.; see also Neita v. City of Chi.*, 830 F.3d 494, 498 (7th Cir. 2016). A claim of unlawful detention, by contrast, accrues when the detention ceases. *See Manuel v. City of Joliet, Ill.*, 903 F.3d 667, 669 (7th Cir. 2018) ("When a wrong is ongoing rather than discrete, the period of limitations does not commence until the wrong ends."). In *Manuel*, the Seventh Circuit described the distinction like this: "When a search or seizure causes injury independent of time spent in custody, the claim accrues immediately; but when the objection is to the custody, a different approach must control." *Manuel*, 903 F.3d at 669. That "different approach" is that a claim for detention without probable cause accrues when the detention ends. *Id.* at 670.

In the instant case, if Culbreath alleges that his arrest caused an "injury independent of time spent in custody," then his § 1983 claim accrued on June 2, 2017, the date of his arrest. *See Manuel*, 903 F.3d at 669. If his claim accrued on June 2, 2017, the two-year statute of limitations would have expired by the time he filed this lawsuit on August 11, 2019. If, by contrast, he alleges that the custody itself was the harm, then his claim accrued in February of 2018 when he was released from custody. *See id.* at 670. If the latter is the case, then this claim was timely filed. From the face of the Complaint, it is not clear whether Culbreath alleges that his arrest caused an injury independent of his time spent in custody. The Court cannot therefore decipher from the face of the Complaint whether the claim accrued on June 2, 2017 or in February of 2018. In other words, there exists some possible set of facts, that "if proven would establish a defense to the statute of limitations." *Clark*, 318 F.3d at 768. Due to this doubt about when the claim accrued, the Motion to Dismiss is denied as to Count I.

Count II of the Complaint alleges a malicious prosecution claim under Illinois law. A one-year statute of limitations applies to this claim. *Williams v. Lampe*, 399 F.3d 867 (7th Cir. 2005) (citing 745 ILCS 10/8-101); *Blocker v. City of Chi.*, 17 CV 00055, 2017 WL 3278323, at *3 (N.D. Ill. Aug. 2, 2017) (Shah, J.) (explaining that a state-law claim against a local government or its employee that is joined with a § 1983 claim is subject to a one-year statute of limitations). In Illinois, a cause of action for malicious prosecution "does not accrue until the criminal proceeding on which it is based has been terminated in the plaintiff's favor." *Ferguson v. City of Chi.*, 820 N.E.2d 455, 459 (Ill. 2004). Here, the criminal proceedings against Culbreath terminated in February of 2018, when the judge dismissed the charges against him and ordered him released from custody. He did not file suit until August 11, 2019, approximately nineteen months after his malicious prosecution claim had accrued. By the time he filed this lawsuit, the one-year statute of limitations applicable to this malicious prosecution claim had already expired. Therefore, the Motion to Dismiss is granted as to Count II.

Defendants move to dismiss Count III, an indemnification claim, on the grounds that if the Court dismisses the other two counts, there is nothing left for the Town of Cicero to indemnify. As the Court is denying the Motion to Dismiss as to Count I, there is still a live claim for the Town to indemnify. The Motion to Dismiss must therefore be denied as to Count III.

For the reasons set forth above, the Motion to Dismiss [21] is denied as to Counts I and III and granted as to Count II.

_____
Virginia M. Kendall
United States District Judge

Date: May 4, 2020