IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN CULBREATH, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) No. 19 C 5412 ) |
| THE TOWN OF CICERO, et al., | ) Judge Virginia M. Kendall ) |
| *Defendants*. | ) ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Steven Culbreath brings suit against the Town of Cicero and Officer Asalem Haleem, challenging the unreasonable search of his car and his subsequent arrest and detention under 42 U.S.C. § 1983. Before the Court is Defendants' motion for summary judgment. (Dkt. 52). For the following reasons, Defendants' motion is granted.

**BACKGROUND**

On June 2, 2017, a Town of Cicero officer, Officer Jimenez, initiated a traffic stop of Culbreath's car, suspecting that the tint on the vehicle's windows was darker than the legal limit. (Dkt. 51 at ¶ 5). Culbreath was alone in his car at the time. (*Id*.) After he was pulled over, Culbreath slightly cracked open his front window—the remaining windows on the car were fully shut. (*Id*.)

While on routine patrol in the area, Officer Asalem Haleem heard about the stop over the radio and arrived at the scene. (*Id*. at ¶ 7). Officer Haleem provided Officer Jimenez a tint meter, a device used to measure a window's tint level, and approached the passenger side of Culbreath's vehicle. (*Id*. at ¶¶ 7–8). He shined a flashlight into the windows to see if there were other occupants

1

or threats in the car. (*Id*. at ¶ 8). As he did so, it appeared to Officer Haleem that Culbreath was moving towards the back of his car. (*Id*.) Officer Jimenez did not observe Culbreath make any such motions. (Dkt. 55 at ¶ 3). At that time, Officer Haleem observed a handgun under the front passenger seat, protruding into the rear of the car. (Dkt. 51 at ¶ 8). Upon seeing the gun, Officer Haleem signaled to Officer Jimenez, alerting him of the gun. (*Id*.) Officer Jimenez asked Culbreath to exit his car. (*Id*. at ¶ 11). Culbreath refused to exit, but the officers pulled him out of the car. (*Id*.) Dispatch confirmed that Culbreath did not have a concealed carry permit or a firearm owner's identification card ("FOID" card). (*Id*.) Culbreath was also a convicted felon at the time. (*Id*. at ¶ 1). Thereafter, Officer Haleem opened the rear passenger side door of Culbreath's car and found a black handgun on the floor of the car within reach of the driver's seat. (*Id*. at ¶ 11). The gun's serial number had been scratched off. (*Id*. at ¶ 13).

The officers placed Culbreath under arrest. (*Id*. at ¶ 14). After a preliminary hearing, the state court found there was probable cause to detain Culbreath and he was sent to Cook County Jail. (*Id*. at ¶ 15). The state charged Culbreath with two counts of aggravated unlawful use of a weapon [1], being a felon in possession of a weapon, and possessing a firearm with a defaced serial number. (*Id*.) On January 23, 2018, the Honorable Pamela Leeming held a hearing on Culbreath's motion to suppress the handgun discovered by Officer Haleem. (*Id*. at ¶ 16). Officer Jimenez testified at the hearing, but Officer Haleem did not. (*Id*.) (Dkt. 55 at ¶ 2). Judge Leeming granted Culbreath's motion, "find[ing] it incredible that Officer Haleem was able to see the floor [of] the car, even shining his light through the window." (Dkt. 55 at ¶ 1). Culbreath's criminal charges were dismissed on February 20, 2018. (Dkt. 51 at ¶¶ 16–17). Culbreath was incarcerated from the day of his arrest until February 20, 2018. (*Id*. at ¶ 17).

---

[1] In Illinois, aggravated unlawful use of a weapon encompasses possession of a firearm in a vehicle without a valid FOID card. *See* 720 ILCS 5/24-1.6(a)(1), (a)(3)(C).

2

On August 11, 2019, Culbreath filed the instant suit against Officer Haleem and the Town of Cicero, claiming that Officer Haleem searched his car and arrested him without probably cause, in violation of 42 U.S.C. § 1983. (*Id*. at ¶¶ 1–2). Culbreath also alleged malicious prosecution under Illinois law and seeks indemnification pursuant to 745 ILCS 10/9-102. (*Id*. at 2). [2] Before the Court is Defendants' motion for summary judgment. (Dkt. 52). For the following reasons, Defendants' motion is granted.

## LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see, e.g., Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 485 (7th Cir. 2019). As the "'put up or shut up' moment in a lawsuit, summary judgment requires a non-moving party to respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial." *Grant v. Trustees of Indiana Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (citation omitted). The Court "consider[s] all of the evidence in the record in the light most favorable to the non-moving party." *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018) (citation omitted). "The controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and opposition to the motion for summary judgment." *Id*.

## DISCUSSION

I.  **Fourth Amendment § 1983 Claim**

Culbreath maintains Officer Haleem did not have probable cause to search his car and arrest him, and that consequently, Culbreath's subsequent pretrial detention violates the Fourth

---

[2] The Court previously dismissed Culbreath's malicious prosecution claim for failure to state a claim of relief. (Dkt. 29 at 2).

Amendment. [3] "[P]retrial detention can violate the Fourth Amendment not only when it precedes, but also when it follows, the start of legal process in a criminal case. The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause." *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 918 (2017). Here, whether Culbreath's detention was supported by probable cause depends on whether officers had probable cause to search his vehicle and arrest him. *See e.g., Williams v. City of Chicago*, 315 F. Supp. 3d 1060, 1070 (N.D. Ill. 2018) (citing *Manuel*, 137 S. Ct. at 918). "Probable cause to search exists if, given the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Ledford*, 218 F.3d 684, 688 (7th Cir. 2000) (quotations and citation omitted). Probable cause to arrests exists if an officer "has enough information to warrant a prudent person to believe criminal conduct has occurred." *Whitlock v. Brown*, 596 F.3d 703, 707 (7th Cir. 2018) (citation omitted).

Once Officer Haleem arrived at the scene, he approached Culbreath's car and shined his flashlight through Culbreath's car windows to determine if there were other occupants or any threats in the vehicle. (Dkt. 51 at ¶ 8). As a threshold matter, looking through the windows of a car, even with a flashlight, is not a search. *See United States v. Thornton*, 463 F.3d 693, 698–99 (7th Cir. 2006) ("An officer needs no reason to look through the windows of a parked car in a public place."); *United States v. Johnson*, 496 F. App'x 668, 670 (7th Cir. 2012); (Dkt. 29 at 1–2). Through the windows, with the aid of his flashlight, Officer Haleem observed Culbreath make movements towards the rear of the car and shortly thereafter, a black handgun under the front

---

[3] As this Court has already observed, any claims that the search of Culbreath's car or his arrest itself violate the Fourth Amendment are untimely. (*See* Dkt. 29 at 2) ("[I]f Culbreath alleges that his arrest caused an injury independent of his time spent in custody, then his § 1983 claim accrued on June 2, 2017, the date of his arrest. If his claim accrued on June 2, 2017, the two-year statute of limitations would have expired by the time he filed this lawsuit on August 11, 2019") (internal quotations and citations omitted).

passenger seat, protruding into the rear of the car. (Dkt. 51 at ¶ 8). Thereafter, dispatch advised that Culbreath did not have a FOID card or a concealed carry permit. (*Id*. at ¶ 11). It was only at this point that Officer Haleem opened the rear passenger door and searched the inside of Culbreath's vehicle. (*Id*.)

Culbreath does not dispute that these facts, if known by Officer Haleem, created sufficient probable cause to search his vehicle. Rather, Culbreath disputes the credibility of Officer Haleem's testimony that he observed a black gun on the floor of the car while looking through the car windows with his flashlight. [4] Culbreath's basis for disputing Haleem's testimony is the state court judge's opinion that Officer Haleem would not have been able to see the floor of the car with his flashlight. (*See* Dkt. 55 at ¶ 1) ("I find it incredible that Officer Haleem was able to see the floor [of] the car, even shining his light through the window."). Judge Leeming's testimony, however, is inadmissible and must be disregarded. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009) ("[A] court may consider only admissible evidence in assessing a motion for summary judgment.").

In *Schultz v. Thomas*, a plaintiff acquitted of disorderly conduct, after a state bench trial, brought a civil rights claim for false arrest and excessive force in federal court against the arresting officers. *Schultz v. Thomas*, 832 F.2d 108, 109 (7th Cir. 1987). At trial, the federal court permitted the state court judge who presided over the criminal case to testify regarding his previous finding that the officers' testimony was not credible. *Id*. The jury returned a verdict in plaintiff's favor.

---

[4] Culbreath also disputes Officer Haleem's testimony that he saw Culbreath make movements towards the rear of the car, citing to Officer Jimenez's testimony that he did not observe such movement despite being right next to the driver door at the time. (Dkt. 55 at ¶ 3). This factual dispute, however, is not material. Even if Culbreath did not make any movement towards the back of the car, the key fact determinative of whether probable cause to search existed is whether Officer Haleem saw a gun in the back seat. *See for example, United States v. Johnson*, 496 F. App'x 668, 670 (7th Cir. 2012) (officer who merely observed gun and drugs in car when looking through car windows with flashlight "undoubtedly" had cause to investigate further and search the car.). Thus, the Court's analysis focuses on Haleem's disputed testimony regarding the gun, rather than his testimony regarding Culbreath making movements towards the rear of his car.

5

*Id*. On appeal, the Court held that the district court abused its discretion in allowing the state court judge to testify because the testimony "unavoidably overlapped the jury's role in assessing the credibility of the key witness as to unfairly prejudice the defendants…." *Id*. at 110. Moreover, the Court reasoned that because the state court judge was not a witness to the events in question, he "could not properly comment on what transpired" under Federal Rules of Evidence 602. *Id*. at 111; *see also* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). As the Court explained:

> Judge Flynn merely tried the plaintiff's disorderly conduct case. He was not a witness to nor did he have any personal knowledge of the underlying facts. Thus, he had no basis for his opinion about the defendants' truthfulness other than his own credibility observations during the previous trial. No person, especially a judge, should usurp the jury's exclusive duty to determine credibility.

*Id*.

Just as the state court judge in *Schultz*, Judge Leeming merely presided over Culbreath's criminal suppression hearing and lacks personal knowledge of Culbreath's arrest. Judge Leeming did not even hear testimony from Officer Haleem. (Dkt. 51 at ¶ 16). There is, thus, no valid basis for Judge Leeming's opinion regarding the credibility of Officer Haleem's testimony and allowing the jury to hear her opinion would usurp the jury's role in assessing credibility.

Apart from Judge Leeming's testimony, which is inadmissible, Culbreath does not provide an evidentiary basis to call Officer Haleem's testimony into question. Without such affirmative evidence, Culbreath cannot create a triable issue of fact as to Officer Haleem's credibility. While "evaluation of witness credibility are inappropriate at the summary judgment stage[,] … when challenges to witness' credibility are all that a plaintiff relies on, and he has shown no independent facts—no proof—to support his claims, summary judgment in favor of the defendant is proper."

*Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008) (citing *Dugan v. Smerwick Sewerage Co.*, 142 F.3d 398, 406 (7th Cir. 1998) ("[T]he prospect of challenging a witness' credibility is not alone enough to avoid summary judgment.")); *Waldon v. Wal-Mart Stores, Inc., Store No. 1655*, 943 F.3d 818, 823 (7th Cir. 2019) ("Criticizing the credibility of the movant's affiants, alone, is not enough to avoid summary judgment."). There is, thus, no triable issue of material fact as to whether Officer Haleem actually saw a gun when he peered through Culbreath's vehicle windows with his flashlight; in other words, there is no evidence casting doubt on this testimony.

Once Officer Haleem saw what he believed to be a gun in Culbreath's car and dispatch confirmed that Culbreath did not have a FOID card or a concealed carry permit, Officer Haleem had strong reason to believe the car contained contraband or evidence of a crime, and thus, had probable cause to search Culbreath's vehicle. *See e.g. United States v. Johnson*, No. 08-CR-95-TLS, 2010 WL 3547705, at *7 (N.D. Ind. Sept. 2, 2010) (officer who observed gun and drugs in car when looking through car windows with flashlight "had probable cause to search the vehicle, as there was a fair probability it contained contraband.") ; *United States v. Johnson*, 496 F. App'x 668, 670 (7th Cir. 2012) (officer who observed gun and drugs in car when looking through car windows with flashlight "undoubtedly" had cause to investigate further and search the car).

Upon investigating the car, Officer Haleem in fact found a gun with the serial number scratched off. Possession of such a firearm is a crime under Illinois law. 720 ILCS 5/24-5(B). Moreover, officers already knew Culbreath did not have a FOID card or a concealed carry permit, which is also a crime under Illinois law. 720 ILCS 5/24-1.6(a)(1), (a)(3)(C). Under these facts, a prudent person in Officer Haleem's position would reasonably have believed that criminal conduct has occurred. Haleem's arret was, thus, supported by probable cause, and by extension his detention. Considering the undisputed material facts before the Court, no reasonable trier of fact

could find that Culbreath's detention was unsupported by probable cause. For that reason, Defendants' motion for summary judgment is granted as to Culbreath's § 1983 claim.[5]

## II. Indemnification

Where a municipal employee is not liable, the municipal entity for which the employee works is also absolved from liability. *See* 745 ILCS 10/2-109 ("A local public entity is not liable for an injury resulting from an act or omission of its employees where the employee is not liable."). Because the Court grants summary judgment in favor of Officer Haleem on the § 1983 claim, summary judgment is also appropriate in the Town's favor on the indemnification claim.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment [52] is granted.

Virginia M. Kendall
United States District Judge

Date: February 15, 2022

---

[5] As the Court finds there is no genuine issue of fact as to whether Culbreath's detention was supported by probable cause, it declines to consider Defendants' alternative arguments in support of summary judgment.